# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Christine Cowan-Oza, | Case No. 2:22-cv-00607-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Comenity Bank, et al., | |
| Defendants. | |

On July 19, 2022, Defendant Comenity Bank moved to extend the time for it to respond to Plaintiff's complaint, which response was originally due June 23, 2022. (ECF No. 22). Comenity explains that it just retained counsel and needs additional time to investigate whether Comenity was properly served. (*Id.*). After Comenity filed its motion to extend time, Plaintiff withdrew her then-pending motion for clerk's default against Comenity. (ECF Nos. 21, 24).

Under Local Rule IA 6-1(a), a motion to extend time must state the reasons for the extension and inform the court of all previous extensions. A request made after the expiration of the specified period will not be granted unless the movant demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect. LR IA 6-1(a). The Court has broad authority to manage its docket. *See Little v. City of Seattle*, 863 F.3d 681, 685 (9th Cir. 1988). The Ninth Circuit has also repeatedly cautioned that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (internal quotations omitted).

Here, the Court finds that Comenity has met the requirements to extend the time to respond to the complaint. Comenity has explained that this is the first extension and that it has only just retained counsel. It appears that Comenity may be challenging the sufficiency of

service, and requests more time to investigate whether service was proper. The Court finds this to fulfill the excusable neglect standard. Granting the extension is also appropriate under the Court's broad authority to manage its docket and the Ninth Circuit's caution to decide cases on the merits. Absent the extension, Comenity could not defend the action on its merits. And Plaintiff has withdrawn her motion for clerk's default. The Court thus grants Comenity's motion for an extension.

**IT IS THEREFORE ORDERED** that Comenity's motion to extend (ECF No. 22) is **granted**. Comenity shall have until **August 17, 2022** to respond to Plaintiff's complaint.

DATED: July 21, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE